IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA SPANGLER,

                Plaintiff,                Case No. 3:07 CV 3146

   -vs-

                                                    MEMORANDUM OPINION

LUCAS COUNTY BOARD
OF COMMISIONERS,

                Defendant.

KATZ, J.

This matter is presently before the Court on the motion for summary judgment filed by Defendant, Lucas County, Ohio (Doc. 51), the response filed by Plaintiff, Lisa Spangler (Doc. 54), and Defendant's reply (Doc. 57). The motion will be granted.

**I. Background**

Beginning on December 7, 2005, Lisa Spangler was employed in the electronic monitoring division of the Lucas County Common Pleas Court. She had begun full-time employment with the court beginning in September 2005, having previously served as a part-time employee for six years beginning in November 1999. Her responsibilities in her job with the electronic monitoring division were primarily clerical and included, among other things, being on call after normal work hours to monitor felons who had been placed on electronic monitoring by the court. If a felon's alarm sounded, Plaintiff was required to contact the felon. If the felon could not be reached, she was required to contact a court security officer.

On the evening of February 23, 2006, Plaintiff left work at about 4:30 PM. She was scheduled to be on call that evening. Plaintiff had had a stressful day, as she struggled to get along with some of her co-workers. On her way home, she stopped to pick up a 12-pack of beer.

After arriving home, she got into an altercation with her daughter, who lived with her. Plaintiff called the police due to her daughter's alleged behavior. The police, however, ended up arresting Plaintiff on charges of domestic violence.

Plaintiff spent the evening in jail and was not released until the following afternoon. She was unable to directly contact her work supervisor, Mark Lair, until after her release, as the court where she worked did not accept collect calls from jail. She was able to have her daughter's father contact Lair sometime on the evening of February 23.[1]

Shortly after her release, Plaintiff called her workplace at about 4:30 PM. A co-worker called her back, telling her that Lair wished to see her immediately in the courthouse. Lair was concerned about her failure to monitor the felons on electronic surveillance, as well as her failure to contact him directly that evening. At his meeting with Plaintiff, Lair also expressed concern about Plaintiff's inability to get along with her coworkers. According to Plaintiff, Lair said that he would recommend that she be terminated to the Common Pleas judges who had ultimate authority over such personnel decisions. Plaintiff also testified that Lair recommended she resign, and that "things could get ugly" if she did not resign.

Upon hearing that statement, Plaintiff testified that she "didn't know what to do." Lair then said that "if you resign, nothing will go in your file, nothing bad will be in there." It was at that point that, according to Plaintiff, she agreed to resign. While her letter of resignation was being prepared, Plaintiff attempted to contact her attorney. But her attorney was not at his office at that hour. She then signed her resignation letter.

---

[1] Plaintiff was eventually found "not guilty" of domestic violence.

2

On October 13, 2007, Plaintiff filed the instant lawsuit. She filed an Amended Complaint on November 20, 2008. She brings causes of actions for constructive discharge and violation of her procedural due process rights, in violation of 42 U.S.C. § 1983, claiming that her resignation was not voluntary.[2]

## II. Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply

---

[2] Although the Amended Complaint makes reference to claims under Ohio law for deprivation of due process rights, Plaintiff's memorandum in opposition to Defendant's summary judgment motion makes no mention of any such claims. The Court will thus not address them.

[to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

The issues in this case boil down to whether Plaintiff's resignation was voluntary or involuntary, for purposes of 42 U.S.C. § 1983.

"Employee resignations and retirements are presumed to be voluntary." *Nunn v. Lynch*, 113 Fed.Appx. 55, 59 (6th Cir. Sept. 8, 2004) (citing *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999)). This presumption obtains "until the employee presents evidence to establish that the resignation or retirement was involuntarily procured." *Leheny*, 183 F.3d at 227. Moreover, "[a] choice between resignation or termination does not establish that the resignation was involuntary, unless the employer lacked good cause to believe that there were grounds for termination." *Parker v. Bd. of Regents of Tulsa Jr. Coll.*, 981 F.2d 1159, 1162 (10th Cir.1992).

Plaintiff thus bears the burden of showing that resignation was produced by coercion or duress. Factors to be considered in determining whether a resignation was voluntary or not are: (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice she was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether the employee was permitted to select the effective date of resignation. *Parker*, 981 F.2d at 1162.

The Court finds that Plaintiff has fallen short of showing that her resignation was involuntary, for several reasons. Although Plaintiff points to Lair's comment that "things could get ugly" in arguing that her resignation was involuntary, her own account of her meeting with Lair indicates that she "didn't know what to do" and was still unsure about resigning at that point in the meeting. It was Lair's subsequent statement that Plaintiff's personnel record would remain clean that, according to her own account, convinced Plaintiff to resign. It is also significant that Lair never actually threatened Plaintiff with termination. Rather, according to Plaintiff, Lair

5

stated that he would recommend termination to the Common Pleas Judges who possessed the requisite authority. Finally, it is significant that Plaintiff was given an opportunity to contact her attorney prior to signing her resignation letter.

Under these circumstances, the Court finds that, for § 1983 purposes, there is no genuine issue of material fact as to the voluntariness of Plaintiff's resignation,. According to Plaintiff's own testimony, she resigned in order to avoid the embarrassment of a disciplinary report being placed in her personnel file, not because of coercion or threats. Moreover, her supervisor had a reasonable basis for recommending termination based on the February 23, 2006 incident, as Plaintiff's inability to monitor the felons on electronic monitoring created a potentially serious public safety hazard. Cf. *Parker*, 981 F.2d at 1162 (noting that the defendant had "adequate reasons . . . [for] threaten[ing] plaintiff with termination" in finding that the plaintiff's resignation was voluntary).

Because the Court finds that Plaintiff's resignation was voluntary, both her constructive discharge and procedural due process claims must fail. See *Leheny*, 183 F.3d at 227 ("If an employee retires of his own free will, even though prompted to do so by some action of his employer, he is deemed to have relinquished his property interest in his continued employment for the government, and cannot contend that he was deprived of his due process rights."). Defendant's summary judgment motion is thus well-taken.[3]

**III. Conclusion**

---

[3] Because the Court finds that Plaintiff's resignation was voluntary, permitting Plaintiff to amend her Complaint again would be futile. Throughout the above discussion, the Court has assumed that Plaintiff named the proper party (Lucas County, Ohio) in her Amended Complaint. Therefore, Plaintiff's request to amend her Complaint is denied.

6

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 51) is granted, and the case is closed.

IT IS SO ORDERED.

 s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE
